May it please the court, my name is Bo Brindley and I represent the defendant appellant Mantrell Johnson. Mr. Johnson appeals from the district courts in position of above guideline sentence in his case. To begin with, what I think is important to start with is the district courts finding with respect to the government's purported relevant conduct in the case. The district court found that there was not a preponderance of evidence to establish a higher drug quantity. The district court found that the defendant's statements, previous statements, were not reliable enough to establish that. And then under section 3553, the district court explicitly said that one of the reasons underlying the sentence that she gave, which was 65 months above the high end of the guideline range, was that the defendant was involved in serious and significant other drug trafficking. That's one of her reasons. I have two reactions to this. First of all, your assumption that the standard of precision that's necessary for a quantity for guidelines purposes is the same as the standard of precision that's necessary for 3553A. And I'm not sure that's right, since the guidelines have these various cutoffs, you know, this range, that range, the next range. So it really makes a big difference for the guidelines, whether it's, you know, three to fifteen kilos or whether it's 63 or 77 grams. And the other thing is that, you know, the district court doesn't base the 180-month sentence exclusively on the quantity. She lists a number of other factors. The quantity is important, but it's not the only thing. That's true, Your Honor, but part of the problem here is if we're going to evaluate the applicability or the propriety of an above-guideline sentence, we have to know what the basis is. And she says, look, you know, it's pretty clear you were a rather big dealer. I can't put an exact number on it, but you are not somebody who was a 77-gram kind of guy. You had a lot more going on. And this back and forth and lying and recanting and re-recanting and all the rest of that doesn't improve him in her mind. I think that's true, but I think that we would have to know how much more in order to determine whether it was a six... Why? Because you have to figure out whether the degree of the variance above the guidelines is enough or too much. But you don't have to map it on to what it would have been if that had been a relevant conduct finding, do you? No, you don't, but if she's saying that because she believes it was three grams more, a appeals court might say, well, that's substantially unreasonable. But she clearly doesn't. I mean, she makes that clear enough in her sentencing discussion. The only word she uses is significant and serious, Judge. Which isn't three grams, right? I know some people who think it is, and I know some people who think it's not. I think that's part of the problem, is the language that she used was vague in terms of what she thinks is serious and significant. If she would have told us more, then perhaps we'd be in a better position to evaluate it. But I also don't know what evidence she was relying on to find that, other than the statement from him, which she said was inherently unreliable. This court has indicated in some of the presence that we cite, I think Villasenor is the case, that findings under Section 3553 that are going to increase a defendant's sentence above the guidelines meet to be made by a preponderance of the evidence as well. And I don't see how we can say that there's more drugs by a preponderance of the evidence if the only basis we have for it is a specific statement that the court has specifically said is unreliable on its face. And so I think the case needs to be remanded for clarification. Perhaps there was something more that wasn't enumerated. I will note that the reference that's made to the false statements and the obstruction of justice part of this, I think that causes a bit more of a complication than it appears at first blush, because she suggests she doesn't want to give him a benefit for having lied. But what she's essentially saying, I mean we need to tease this apart, he gets an enhancement for guidelines purposes of 2 for the obstruction. Nobody has a right to the 3 levels down for acceptance. I understand what you're saying when you say it's a 5 level swing, but actually he's just gone up 2 and she's saying your behavior is so awful that 2 isn't really the right amount. We've got to, you know, I'm going to adjust this up further because of this actually rather lengthy pattern of obstructive behavior that he engaged in. So that's another reason, not quantity related, why she might think this has got to bump up. Right, but I just, I think that it's not, I think for an above guideline sentence that is this far above, in order for it to be meaningfully evaluated, we need to know a bit more about where it's coming from. She says that she doesn't want to give him a benefit for lying. That's what she says. So, and right, and the reason, and why does she say that? You know why she says that. She says that because he doesn't get, but she, he doesn't get the. Because he would have had relevant conduct of 13 kilos if she had thought that he was telling the grand jury the truth. Right, but she found that he wasn't telling the grand jury the truth. That's the problem is it's. That's the benefit from the recantation that she's, because she thinks he was mostly telling the grand jury the truth. And that's where my problem comes. I don't even know what that means. I don't even know what basis she has to say he's mostly telling the grand jury the truth. Because the government points out, you know, there's some corroboration that White leans on him to get the first recantation. There's other reason to believe he's a pretty significant drug dealer. And, Your Honor, my position on this is that if the judge is going to say that she doesn't believe the statement, and then turn around under Section 3553 and seem to credit the statement with respect to some quantity, I think that creates an internal inconsistency that needs to be clarified. And it just wasn't. With respect to this, this thing about the benefit, the thing to remember is that if he hadn't said anything to the government, there wouldn't be any relevant conduct. And so he's not, he's not getting a benefit from having lied to the government. He's losing his, he's losing his three points of acceptance because of the two. And there's no question he would have gotten it if not for the two points of obstruction that came from his asserting that, look, this statement isn't reliable. And I think in this situation... Did he just not want to testify? I mean, it seems with this back and forth, he gets up to the brink and then he recants. And then, of course, the government wouldn't want to use him as a witness. Well, he, I mean, there was an early recantation. And then there was, then he said something else. And then there was a second recantation. From the position, the position at sentencing was it simply was not reliable enough to be true. What he really wanted, I don't know. But the real truth was we can't know because the statement was unreliable. The other problem is the government didn't have any other evidence to corroborate the relevant... And they could have. There were these claims about these other cooperating witnesses, this Masuka, these other guys, that we had at a previous hearing where I had suggested that we should have, they should be presented. They were not presented. And instead, they relied only on this unreliable statement. And I think if that was what the basis for the judge wanting to say we have a serious and significant quantity, I think we need more from the judge on how serious so we can decide, well, is 65 months enough or not enough based on how much it is? And we didn't get any indication of how much it was. Or, and in fact, what she said earlier was, I just can't come up with a quantity. Well, if you can't come up with any quantity, then how did you get to 65 months? And I think that that's an internal inconsistency in the specific statements made by the district court. And I think that internal inconsistency, this court said, is impermissible. And so we need to remand and get clarification. Maybe I'll end up with the same sentence, but I think we need that clarification. Thank you. Thank you. Ms. Laksakis. Good afternoon. May it please the court. My name is Georgia Laksakis, and I represent the United States. This court should affirm the defendant's sentence. The district court here did not clearly err in finding that the defendant had engaged in prior drug transactions and then incorporating that finding in the judge's section 3553A analysis. That finding was based on the defendant's own statements. These are statements that were made on multiple prior occasions. They were made in writing. They were made under oath. They were made after the defendant had the opportunity to correct those statements. So Mr. Brindley's point is, how can she both not rely on them for relevant conduct and rely on them at the same time? Yes, Your Honor, what the court here did permissibly is parse the defendant's statements. And on the one hand, look at those statements and see what could be corroborated. But it's not like she says, gee, you know, I've got corroborating evidence for your sales during this year, so I'm going to at least conservatively attribute this much to you, but not for other years. You know, it's not usually when you have, say, a jury believing part of the evidence or you have the judge believing part of the evidence, you can see how they get severed, you know, how they get believed one at a time. When it's, when the question is really, are we talking about 13 kilos or not? Which part doesn't she believe? I think she doesn't believe, I think she doesn't believe that there's evidence to corroborate the 13 kilos. But which, how do you, then why would you believe any part of it? How does she, how does she divide it up? I think you believe the rest of what the defendant is saying, or you believe that there's enough there based on what's the rest of the rest of it is that he has engaged in prior drug sales, that he is engaged with them with an individual by the name of Ed White, that he previously gave testimony regarding Ed White in a state investigation that he only recanted after being convinced or coerced or whoever you want to phrase it by Mr. White. Those are the other pieces of the defendant's story. All of those pieces, the government was able to corroborate more or less at sentencing. The one piece that the government admits that it wasn't able to corroborate was this particular detail, a very detailed part of his statement, how much he was buying on a weekly basis from Mr. White. And that's the part that the district court sets aside and says, essentially, I'm not going to swing his guidelines range from at some point during the sentencing proceedings, there's a guidelines range thrown out as low as 46 to 57 months. I'm not going to swing that guidelines range and quadruple it, the government cannot corroborate. So essentially what the district court does is say, I will credit some of his testimony where there's other evidence. I will not credit this other testimony. I will take a conservative approach here. And I believe what the defendant is trying to do on appeal is essentially take advantage of that conservative approach and say, well, if she decided not to credit one piece of the testimony, we can't credit any of it. Well, but 65 months is a big upward adjustment, one of the biggest I've seen. So we've said, you know, the Supreme Court has said, never mind us, that you've got to have a solid justification for a change that big. And you're correct, Judge, except that, as you pointed out too, when the defendant was arguing, the prior drug sales aren't the only reasons that the district court gave here in justifying, in explaining and substantiating the 180-month sentence. There were the prior drug sales, but in addition to that, there was discussion about his track record of obstruction. So not just obstruction of justice in this federal investigation, but obstruction of justice in a related state investigation. There was the need for explaining the 180-month sentence. And certainly his prior drug dealing is a part of it. And certainly the seriousness of that offense is a part of it, when she talks about the impact of crack cocaine and cocaine on the community. But all of those reasons together justify that 180-month sentence. And those are all reasons that were amply articulated on the record. And so at this point, unless there are any other questions from the panel, the government would simply ask that the defendant's sentence be affirmed. All right, thank you very much. I think you have a very small bit of time, Mr. Brindley, if you want to use it. Yes, Your Honor, thank you. First of all, I think it's important that when counsel is just arguing the point and talking about, well, what did the court rely on with respect to this quantity, what counsel is left to say, well, I think that maybe the court relied on this, and I think that's the problem. Because we don't know, based on this record, how much of a role this significant and serious other drug trafficking played in getting to the 65 months. We don't know what amount this significant, serious other drug trafficking was supposed to be, so we can evaluate whether that really was enough to justify the 65 months. And we don't know how much, and it was one of the central things that the judge talked about, and whether it was mainly the obstruction and not the drug, we don't know that because it just wasn't stated clearly enough. And I think this is synonymous, analogous is the word I'm looking for, to the Claybrooks case, which we cited, where the judge found a problem with the reliability of the informant, questioned the reliability, and then ended up relying on it in some unknown way and for some unknown reason, and this court said you can't do that, you can't have some sort of compromise, we have to know what the reason is. And so we ask for a remand so we can find out. Thank you. Thank you very much. Thanks to both counsel. We'll take the case under advisement. The court will be in recess.